IN THE UNITED STATES DISTRICT COURT
For the Western District of Wisconsin

---

JUDY ROSE NORMAN-NUNNERY,

    Plaintiff,

v.   Case No. 08-320

MADISON AREA TECHNICAL COLLEGE,
CAROL BASSETT, WILLIAM STRYCKER,
and JACKIE THOMAS,

Defendants.

---

## COMPLAINT
---

NOW COMES the plaintiff, Judy Rose Norman-Nunnery, by her attorneys, Robert J. Gingras and Paul A. Kinne of Gingras, Cates & Luebke, S.C., who hereby submits the following:

### NATURE OF THE CASE

1. This case is being brought pursuant to 42 U.S.C. sec.1983, 42 USC sec. 2000 (e) B (2) and Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, whereby the plaintiff alleges that she was discriminated against in the terms and conditions of her employment because of her race (African American) and retaliated against because of her association with her husband.

2. This case is further brought whereby the plaintiff herein alleges that she was deprived of Due Process and Equal Protection of laws pursuant to the Fifth and Fourteenth Amendments of the Constitution of the United States of America and the Constitution of the State of Wisconsin because of her race.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. sec. 1331, and venue is proper under 28 U.S.C. sec. 1391 in that all of the acts alleged to have been committed by the defendant or agents of the defendant for which the plaintiff claims relief occurred within the Western District of Wisconsin.

## PARTIES

4. Plaintiff Judy Rose Norman-Nunnery ("Plaintiff Norman-Nunnery") is an African American resident of Dane County, State of Wisconsin.

5. Defendant William Strycker ("Defendant Strycker") is a resident of Dane County, State of Wisconsin. He is Caucasian.

6. Defendant Jackie Thomas ("Defendant Thomas") is a resident of Dane County, State of Wisconsin. She is Caucasian.

7. Defendant Carol Basset ("Defendant Bassett") is a resident of Dane County, State of Wisconsin. She is Caucasian.

8. Defendant Madison Area Technical College ("Defendant MATC") is a public entity, and an employer subject to the provisions of Title VII of the Civil Rights Acts of 1964, as amended.

9. Defendants Strycker, Thomas and Bassett were acting under color of law in their individual capacities. All acts attributed to them in this Complaint were intentional.

## FACTUAL BACKGROUND

10. Defendant MATC is a public educational entity with a campus in Madison, Wisconsin.

11. In Spring 2005, Defendant was seeking to fill the position of Disability Resources Services Administrator (DRSA).

12. Plaintiff Norman-Nunnery has a doctorate degree and with an employment background in education and state government, including serving as Administrator of both the Workers' Compensation Division and the Division of Vocational Rehabilitation in the Department of Workforce Development and an Administrator in the Department of Health and Social Services from 1987 through 2003.

13. Plaintiff applied for the DRSA position in May 2005, but was eliminated in the screening process and did not receive an interview.

14. Plaintiff filled a complaint through Equal Rights Division which was cross filed with the U. S. Equal Employment Opportunity Commission on April 11, 2006.

15. Plaintiff Norman-Nunnery's race was a factor in her not being considered (i.e., interviewed) for the DRSA position and/or her not being hired for the position.

16. Ultimately, the candidate selected was Sandra Hall, who is White by race.

17. Through normal process and procedures, all of the screening forms from the screening committee members would have been preserved.

18. After the litigation began and the complaint of discrimination was filed by Plaintiff Norman-Nunnery, agents of MATC, including all of the named defendants, were not able to find Plaintiff Norman-Nunnery's application.

19. Through normal procedures and practices, and through the Human Resources Department, MATC maintained a job file which consisted of any and all documents including applications, screening forms and other information relative to a job

opening.

20. Plaintiff Norman-Nunnery sought to enter into a contract of employment with MATC.

21. Plaintiff Norman-Nunnery was denied employment with MATC.

22. Through the acts and conduct of Defendants Strycker, Thomas and Bassett, Plaintiff was not treated on equal or similar terms in her pursuit of an employment contract for DRSA position because of her race, and/or her because her husband represented someone who opposed conduct made unlawful by Title VII.

## THE JIMENEZ MATTER

23. Plaintiff Norman-Nunnery is married to Willie J. Nunnery, an attorney in Madison, Wisconsin.

24. Attorney Nunnery filed a lawsuit entitled, Elvira M. Jimenez vs. Madison Area Technical College, William Strycker, Jackie Thomas and Carol Bassett, Case Number 00-C-0424-C in the Western District of Wisconsin.

25. In the lawsuit, Plaintiff Jimenez had alleged racial discrimination was directed at her by Defendants Strycker, Bassett and Thomas.

26. Defendant Strycker expressed that he was "outraged" and "hurt" by the lawsuit.

27. Defendant Bassett indicated that having her name associated with the lawsuit was "very painful."

28. With respect to the application of Plaintiff Norman-Nunnery for the DRSA position, Defendants Strycker, Thomas and Bassett knew that Plaintiff Norman-Nunnery was the wife of Attorney Nunnery.

29. Plaintiff Norman-Nunnery has suffered a loss of income.

30. Plaintiff Norman-Nunnery has suffered pain, humiliation and suffering because of the collective and individual acts of the named defendants, MATC, Strycker, Thomas and Bassett.

31. Plaintiff has requested her right to sue letter.

## PLAINTIFF'S FIRST CAUSE OF ACTION

32. Plaintiff Norman-Nunnery herein realleges and incorporates by reference allegations 1 through 31 in support of her claim that she was the victim of discrimination and retaliation made unlawful by Title VII.

33. Plaintiff Norman-Nunnery was precluded from entering into an employment contract because of her race or her association with her husband due to the conduct of the defendants in violation of the Fourteenth Amendment of the U.S. Constitution and Title VII of the Civil Rights Act of 1964, as amended.

## PLAINTIFF'S SECOND CAUSE OF ACTION

34. Plaintiff Norman-Nunnery hereby realleges and incorporates by reference allegations 1 through 33 in support of his/her claim that she was denied equal protection in violation of the Fourteenth Amendment and 42 U.S.C. § 1981 whereby she was discrimination against in the terms and conditions of pursuing the DRSA position in the Spring of 2005.

## PLAINTIFF'S THIRD CAUSE OF ACTION

35. Plaintiff Norman-Nunnery hereby realleges and incorporates by reference allegations 1 through 34 in support of his/her claim that she was the victim of retaliation because of her marital status, which is, being married to Willie J. Nunnery, in violation of

the First and Fourteenth Amendments to the U.S. Constitution.

## PRAYER FOR RELIEF

WHEREFORE, all of the alleges acts herein are subject to the specific prohibitions of the Fourteenth Amendment, the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, and 42 U.S.C. §§ 1981 and 1983, plaintiff has the right to a jury trial; further plaintiff is entitled to punitive and compensatory damages for the Constitutional violations and 42 U.S.C. §§ 1981 and 1983 because the conduct of the defendants and/or agents of the defendant were willful, wanton, and in utter reckless disregard for the plaintiff's rights under the U.S. Constitution, 42 U.S.C. §§ 1981 and 1983, and 2000(e)-(2).

THEREFORE, the plaintiff requests a trial by jury along with the following relief:

A.   Unspecified compensatory and punitive damages;

B.   Back-pay and loss of income from promotional opportunity denial;

C.   For such other injunctive relief that the Court may deem just and proper;

D.   An award of Plaintiff's reasonable attorneys' fees and costs incurred in this action;

E.   Pre- and post-judgment interest; and

F.   Any other such relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a jury of six (6) of her peers.

Dated this 3rd day of June, 2008.

                                              **s/ Robert J. Gingras**
Attorney Robert J. Gingras
State Bar No. 1002909
Attorney Paul A. Kinne
State Bar No. 1021493
Gingras, Cates & Luebke, S.C.
8150 Excelsior Drive
Madison, WI 53717
Telephone: 608-833-2632
Fax: 608-833-2874
gingras@gcllawyers.com
kinne@gcllawyers.com